**MALK & POGO LAW GROUP, LLP**
Valter Malkhasyan (SBN 348491)
*valter@malkpogolaw.com*
Erik Pogosyan (SBN 345650)
*erik@malkpogolaw.com*
1241 S. Glendale Ave. Suite 204
Glendale, CA 91205
Tel: (818) 484-5204
Fax: (818) 824-5144

*Counsel for Plaintiff Michael Dilanyan and the Proposed Class*

Grant A. Nigolian (Bar No. 184101)
GRANT NIGOLIAN, P.C.
650 Town Center Drive, Suite 1880
Costa Mesa, CA 92626
Tel: (310) 853-2777
grant@gnpclaw.com

*Counsel for Defendant Universal Beauty Products, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DILANYAN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSAL BEAUTY PRODUCTS, INC.,<br><br>　　　　Defendant. | Case No. 2:24−cv−05200−FLA−MAR<br><br>**JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>Trial Date: None<br><br>Hon. Fernando L. Aenlle-Rocha |

Plaintiff Michael Dilanyan ("Plaintiff") and Defendant Universal Beauty Products, Inc. ("Universal Beauty") (collectively, the "Parties"), through their counsel, stipulate and jointly move the Court to extend the pending deadlines in the present Scheduling Order by 120 days, as follows:

| Event | Current Deadline | Joint Proposed Deadline |
|---|---|---|
| Last Date to Hear Motion for Class Certification [Friday] | 7/25/25 | 11/24/2025 |
| Fact Discovery Cut-Off [Friday] | 2/13/26 | 6/15/2026 |
| Expert Disclosure (Initial) | 2/20/26 | 6/22/2026 |
| Expert Disclosure (Rebuttal) | 3/6/26 | 7/6/2026 |
| Expert Discovery Cut-Off | 3/20/26 | 7/20/2026 |

## **STATEMENT OF GOOD CAUSE BY PLAINTIFF**

Rule 16 states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 6 similarly permits the court, "for good cause, [to] extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). This Stipulated Motion is necessary to allow Plaintiff to take key depositions of Defendant's personnel, including its corporate designee, particularly in light of the fact that Defendant's Rule 30(b)(1) and 30(b)(6) deponents are unavailable until August.

The parties are actively engaged in discovery; however, they need more time to complete the necessary class discovery. Defense is in the process of preparing responses to the written discovery requests. However, due to the nature of the documents and requests, it anticipates serving additional responsive discovery

documents in the coming months. Thereafter, the parties anticipate scheduling depositions over the month of August and September (after Defendant's 30(b)(6) deponent will become available in August). The prerequisites for class certification necessarily require conducting complete class discovery to fulfill the class certification requirements. Since Plaintiff needs to be able to conduct the depositions of the necessary corporate designees, and obtain full class discovery, this extension of deadlines will allow the parties to obtain the needed documents to prepare for class certification briefing and opposition. Furthermore, Plaintiff anticipates needing consumer surveys, which could be conducted only after Plaintiff obtains pre-class certification discovery, including contact information for class members. At this time, it is unclear if Defense would have the complete class information and whether Defense would be willing to share this information. As a result, it is possible that the parties may need to rely on third party discovery, and they must account for the time necessary to work collaboratively in addressing any discovery disputes to avoid to the extent possible motions to compel.

On or about June 3, 2025, Plaintiff noticed and served a total of six subpoenas for business records to third parties, including to notable retailers like Amazon, Target, Walgreens, and Walmart. Plaintiff requested the records be produced to Plaintiff's counsel directly in California on or before July 7, 2025.

This is the first extension of the scheduling order, and is made in good faith, and not for the purposes of delay.

Accordingly, the Parties respectfully request that the Court extend all deadlines by 120 days. A proposed Order is submitted herewith.

### STATEMENT OF NON-OPPOSITION BY DEFENDANT

Defendant does not oppose the continuance of the dates requested by Plaintiff and agrees that there is good cause for the continuance. However, Defendant expressly reserves all rights to clarify as needed the facts and good cause argued by

1  Plaintiff above should it be necessary for any reason, including, without limitation, to
2  avoid any prejudicial use against or impact upon Defendant.

DATED: July 10, 2025               **MALK & POGO LAW GROUP, LLP**

                                   By: */s/ Valter Malkhasyan*
                                       Valter Malkhasyan, Esq.
                                       Erik Pogosyan, Esq.

                                   *Counsel for Plaintiff and the Proposed Class*

DATED: July 10, 2025               Grant Nigolian
                                   GRANT NIGOLIAN, P.C.


                                   By: */s/ Grant Nigolian*
                                       Grant Nigolian

                                   *Counsel for Defendant*

4
JOINT MOTION TO AMEND SCHEDULING ORDER

# ATTESTATION OF FILER

Pursuant to Local Rule 5-4.3.4, the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 10, 2025

**MALK & POGO LAW GROUP, LLP**

By: */s/ Valter Malkhasyan*
Valter Malkhasyan, Esq.
Erik Pogosyan, Esq.

*Counsel for Plaintiff and the Proposed Class*